TEMPER–SENSOR, INC., Appellant,

v.

DRUTHER'S INTERNATIONAL, INC., Appellee.

[Cite as *Temper–Sensor, Inc. v. Druther's Internatl., Inc.* (1993), 89 Ohio App.3d 502.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920314.

Decided Sept. 22, 1993.

*O'Hara, Ruberg & Taylor, John J. O'Hara* and *Gary J. Sergent,* for appellant.

*Arnzen, Parry & Wentz* and *Troy W. Skeens, Jr.;* and *Michael T. Connelly,* for appellee.

*Per Curiam.*

Plaintiff-appellant Temper–Sensor, Inc. ("Temper–Sensor") and defendant-appellee Druther's International, Inc. ("Druther's"), both Kentucky corporations, entered into a contract in February 1990 under which Druther's agreed to purchase from Temper–Sensor a number of mechanical devices that, according to Temper–Sensor, reduce the energy consumption of heating and air-conditioning systems. The contract provided that any dispute arising under the agreement "shall be exclusively resolved by binding arbitration * * * with arbitration to

occur at Cincinnati, Ohio." The contract also stated that "[t]his agreement shall be interpreted under the laws of the State of Kentucky."

Druther's, under the apparent belief that the devices did not perform as represented by Temper–Sensor, refused to make payments under the contract, and in February 1991 Temper–Sensor filed a demand for arbitration in Cincinnati. In May 1991, Druther's filed an action in Kentucky, contesting the submission of the dispute to arbitration and alleging that it was fraudulently induced to enter the contract. Nevertheless, the arbitration proceeded in Ohio and resulted in an award in favor of Temper–Sensor. Temper–Sensor then filed the present action in the court of common pleas to enforce the arbitration award. Druther's filed a motion to dismiss for lack of jurisdiction. The trial court granted that motion and Temper–Sensor appealed, challenging the trial court's ruling in a single assignment of error.

Under R.C. 2711.01, a provision in any written contract to arbitrate controversies arising out of the contract is generally valid, irrevocable and enforceable. The parties to the arbitration agreement may, pursuant to R.C. 2711.08, designate therein the county in which the arbitration shall be held. R.C. 2711.09 permits any party to the arbitration to apply to the court of common pleas for an order confirming the award, and states that the court shall thereupon grant such an order and enter judgment thereon unless the award is vacated, modified, or corrected as prescribed in R.C. 2711.10 and 2711.11.

R.C. 2711.16 addresses the jurisdiction of the courts of common pleas in arbitration-enforcement proceedings and provides in pertinent part as follows:

"Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought * * * in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code, *which designation is an irrevocable consent of the parties thereto to such jurisdiction* * * *." (Emphasis added.)

The common pleas court in this case was asked to adjudicate the enforceability of an award resulting from the arbitration of a dispute between the parties concerning the terms of their contract. In that contract, the parties clearly agreed to submit any such dispute to binding arbitration in Cincinnati, Ohio. Pursuant to R.C. 2711.16, the designation by the parties of Cincinnati as the place of arbitration amounted to their "irrevocable consent" to jurisdiction of the Hamilton County Court of Common Pleas over judicial proceedings seeking to confirm the resulting arbitration award. Therefore, we conclude that the trial court erred by dismissing Temper–Sensor's complaint for lack of jurisdiction.

Accordingly, we must reverse the judgment of the trial court and remand the cause to that court for further proceedings. We further note, however, that at the time of the trial court's ruling on the motion to dismiss, Druther's claim of fraudulent conduct by Temper–Sensor was pending in the Kentucky Court of Appeals. While not properly of record in this court, it has been brought to our attention that the Kentucky Court of Appeals has rendered its decision in that case. What effect, if any, that decision should have in this case under the Full Faith and Credit Clause of the United States Constitution is a matter for the trial court to determine upon remand, should the parties choose to raise the issue and to bring the decision properly before that court.

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and M.B. BETTMAN, JJ., concur.